hundred feet from his destination, plaintiff was run over and injured. The complaint, based upon that accident against this defendant, was dismissed upon the ground that it happened through the intervention of a third party, an independent contractor, over whom defendant had no control, and also upon the ground that plaintiff had failed to prove facts sufficient to constitute a cause of action in that he failed to prove that defendant owned, operated, controlled or maintained the wagon.

*Arthur J. Levine* and *George F. Hickey* for appellant.

*George P. Nicholson, Corporation Counsel (John F. O'Brien, Willard S. Allen* and *Charles C. Marrin* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

NEWTON M. HUDSON, as Receiver of CENTRAL PARK, NORTH AND EAST RIVER RAILROAD COMPANY, Respondent, *v.* FORTY-SECOND STREET, MANHATTANVILLE AND ST. NICHOLAS AVENUE RAILWAY COMPANY, Appellant.

*Railroads — contract — action by receiver of street railway company to recover rent for use of portion of tracks by another street railway company.*

*Hudson v. Forty-second St., M. & St. N. Ave. Ry. Co.,* 208 App. Div. 767, affirmed.

(Argued October 23, 1924; decided November 25, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 6, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. The complaint alleged in two separate causes of action the making of the two written agreements between the Central Park Company and the Forty-second Street Company, dated, respectively, June 14, 1886, and May 29, 1889, whereby the Forty-second Street Company was granted the right to use certain portions of the Central

Park Company's tracks on Tenth avenue and First avenue, in the borough of Manhattan, city of New York; and that the defendant Forty-second Street Company used said tracks between August 6, 1908, and December 23, 1912, and has failed to pay the rental fixed by the said agreement. The amended answer set up separate defenses to each cause of action in the complaint to the effect that no cause of action can be predicated upon the two agreements sued upon because the two agreements were abrogated, canceled and disaffirmed long prior to the period for which the rental is sought and because the horse car tracks which were the sole subject-matter of the agreements were destroyed and removed long prior to August 6, 1908, which is the beginning of the period in question here. The amended answer also set up as a separate defense that the plaintiff's alleged cause of action was included in the assets and property covered by the mortgage made by the Central Park Company, and which was sold under the decree of foreclosure and sale, and are now owned by the Belt Line Railway Corporation.

*Alfred T. Davison* and *Addison B. Scoville* for appellant.
*Chase Mellen* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. CORNELIUS SHORT, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued October 24, 1924; decided November 25, 1924.)

APPEAL from a judgment of the Supreme Court, rendered March 15, 1924, at a Trial Term for the county of Sullivan upon a verdict convicting the defendant of the crime of murder in the first degree.

*David S. Hill* and *William Deckelman* for appellant.
*Henry F. Gardner, District Attorney,* for respondent.